UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHARLES D. VIOX,<br><br>        Petitioner,<br> v.<br><br>ISIDRO BACA, et. al,<br><br>        Respondents. | Case No. 3:17-cv-00623-MMD-WGC<br><br>ORDER |

   This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Charles D. Viox, a Nevada prisoner. Viox initiated this action on October 11, 2017, by filing an application to proceed *in forma pauperis* along with his habeas corpus petition, a motion for appointment of counsel, and a motion to extend prison copywork. (ECF No. 1.)

   The financial information provided with Viox's application to proceed *in forma pauperis* indicates that he is unable to pay the filing fee for this action. Therefore, the *in forma pauperis* application will be granted, and he will not be required to pay the filing fee.

   The Court has reviewed Viox's petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 and concludes that it fails to state cognizable claim for federal habeas relief. A petition for writ of habeas corpus under 28 U.S.C. § 2254 cannot rely upon mere "notice" pleading, as may be found in other civil cases in the United States District Courts. *Blackledge v. Allison*, 431 U.S. 63, 75 n. 7 (1977) (citing Advisory

Committee Note to Rule 4, Rules Foll. Cases under 28 U.S.C. § 2254). The petition must instead contain particularized facts "that point to 'a real possibility of constitutional error.'" *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (sources omitted). The facts alleged in the petition must be sufficient in detail to allow the court to determine whether the petition should be summarily dismissed, or should be given further review. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990) (factual details sufficient to support claims must be present on the face of the petition).

If the Court were called upon to rule on Viox's petition in its current form, it would be dismissed. The petition contains three "grounds" for relief, each of which Viox has identified as a claim arising under the Due Process Clause of the Fourteenth Amendment. Each of the grounds is drafted in a rambling, nearly-incomprehensible manner, such that the Court is unable to discern a coherent set of operative facts that would potentially support a constitutional claim.

Even so, it appears that, but for poor drafting and lack of organization, Viox may have tenable claims for relief. Thus, the petition will be dismissed, but petitioner will have an opportunity to file an amended petition that meets habeas pleading standards. *See Jarvis v. Nelson,* 440 F.2d 13, 14 (9th Cir. 1971) ("[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.").

Petitioner is advised to closely follow the instructions provided with the Court's form petition for writ of habeas corpus, as well as the instructions on the form itself. In particular, petitioner should note that every claim in which he contends there was a violation of his constitutional rights is a separate ground for relief and must be pleaded under a separately-numbered ground in the form petition. In other words, each contention petitioner believes to be sufficient for the Court to grant relief is a claim and must be separately presented, not mixed into the discussion of another claim. In addition, each ground must include all the relevant facts that support it.

///

Also, petitioner should not only correct the noted deficiencies but also include all claims for relief of which he is aware. That is, the petition should contain all exhausted claims and all unexhausted claims which petitioner believes might be a basis for granting relief from the criminal conviction or sentence. An exhausted claim is one that has been fairly presented to the Nevada Supreme Court. An unexhausted claim, on the other hand, is one that has not been presented to the Nevada Supreme Court and, indeed, may not have been presented to any court. If petitioner is aware of any claim and fails to inform this Court as provided below, the abuse of the writ rules may bar petitioner from ever raising this claim in a federal court.

The Court will also deny petitioner's motion for appointment of counsel. Pursuant to 18 U.S.C. §3006A(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555(1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). Based on the information currently before the Court, appointment of counsel is not warranted.

With respect to petitioner's motion to extend prison copywork, an inmate plaintiff does not have a right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991); *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989) ("numerous courts have rejected any constitutional right to free and unlimited photocopying"). Nevada Department of Corrections (NDOC) Administrative Regulation (AR) 722 governs copying of legal documents by inmates, and provides, "[c]opies of legal documents requested by inmates may be made for a nominal fee." AR 722.01(9), *available at* http://www.doc.nv.gov/?q=node/68. "Inmates can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case." *Id*. A court may order a prison to provide additional photocopying when the prisoner demonstrates that an increase is

///

3

necessary for an inmate to provide copies to the court and other parties. *See, e.g., Allen v. Clark County Detention Center*, 2011 WL 886343, at * 2 (D. Nev. March 11, 2011).

To assist petitioner in litigating this case, the Court will extend his copywork to allow him to extend his debt by $50. In this regard, petitioner is advised that, under the local rules for this Court, he is not required to serve copies of filed documents on the respondents. *See* LSR 3-5, Local Rules of Practice.

It is therefore ordered that petitioner's application to proceed *in forma pauperis* (ECF No. 1) is granted. The Clerk will file the petition for writ of habeas corpus and accompanying motions. The Clerk will refrain from serving the respondents at this time, pending the amendment of the petition.

It is further ordered that petitioner will have thirty days (30) days from the date of the entry of this order on the record within which to file with the Court an amended petition which corrects the deficiencies identified in this order. In addition to correcting the problems which the Court has identified, petitioner must include in that amended petition any and all additional claims for habeas corpus relief of which petitioner is aware.

It is further ordered that if petitioner fails to respond to this order in the time and manner provided above, the Court will conclude that petitioner does not desire to pursue this matter, and will enter an order dismissing this case, without prejudice.

It is further ordered that petitioner's motion for appointment of counsel is denied.

It is further ordered that petitioner's motion to extend prison copywork is granted. The Nevada Department of Corrections will allow petitioner to extend his prison copywork debt up to $50, but for the purposes of copies related to this case only.

It is further ordered that the Clerk send petitioner a noncapital Section 2254 habeas petition form, one copy of the instructions for the form, and a copy of his initial habeas petition.

Dated this 27th day of October 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE