UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHARLES D. VIOX,<br>      Petitioner,<br> v.<br>ISIDRO BACA, *et. al*,<br>      Respondents. | Case No. 3:17-cv-00623-MMD-WGC<br><br>ORDER |

**I. SUMMARY**

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Charles D. Viox. Respondents filed a motion to dismiss ("Motion") Viox's amended petition (ECF No. 9) on April 18, 2018, arguing that Viox has not exhausted state court remedies for nearly all the claims in the petition and that some of Viox's claims are not cognizable in a federal habeas proceeding. (ECF No. 14.) For the following reasons, the Court grants in part and denies in part the Motion. The Court dismisses the claims in Ground 3(3), 3(5), 3(6), and 3(9), and grants Petitioner leave take several actions as to his unexhausted claims.

**II. PROCEDURAL BACKGROUND[1]**

In March 2011, a jury sitting in the Fourth Judicial District Court for Elko County, Nevada, found Viox guilty of battery with a deadly weapon resulting in substantial bodily

///

---

[1] Unless otherwise indicated, this procedural history is based on the state court record filed at ECF Nos. 15-21

harm. The following May, the court sentenced Viox to 36-156 months in the Nevada Department of Corrections and entered a judgment of conviction.

Viox appealed. The Nevada Supreme Court affirmed the conviction and sentence in June 2012.

In November 2012, Viox filed a proper person state habeas petition. In February 2014, Viox filed a petition for writ of mandamus in the Nevada Supreme Court asking the court to compel the state district court to resolve the pending state habeas petition. The court denied the petition in January 2015, finding the court's intervention by way of extraordinary relief was not warranted. The court thereafter denied Viox's petitions for rehearing and for en banc reconsideration.

After the state district court judges recused themselves, the Nevada Supreme Court appointed a senior judge to hear the state habeas proceedings. In January 2016, Viox filed another petition in the Nevada Supreme Court seeking to change venue to the Second Judicial District Court. The court denied the petition in March 2016, declining to exercise original jurisdiction upon finding that Viox failed to demonstrate the Second Judicial Court was the proper venue.

Meanwhile, Viox also filed a counseled supplemental petition in the state district court in March 2016. In July 2016, the state court entered an order dismissing the petition in part, then an order court staying the effect of its dismissal order pending a telephonic hearing on a lingering issue. In August 2016, the court issued an amended decision and an erratum supplement to the amended decision dismissing the petition.

Viox appealed. In October 2016, Viox filed in the Nevada Supreme Court a new petition for writ of prohibition seeking to remove jurisdiction from the Fourth Judicial District Court and challenging the jurisdiction of the Nevada Supreme Court. The court denied the petition in December 2016, declining to consider any issues related to the post-conviction proceedings given the pending appeal and finding the Nevada Supreme

///

///

1 Court had original and appellate jurisdiction. In August 2017, the Nevada Court of Appeals
2 affirmed the denial of the state habeas petition.[2]

3       On October 9, 2017, Viox mailed or handed to a correctional officer for the purpose
4 of mailing his federal habeas petition to this Court. (ECF No. 5 at 1.) Having found the
5 petition failed to state a cognizable claim for relief, this Court ordered Viox to file an
6 amended petition. (ECF No. 4.) This Court received and entered his amended petition on
7 November 17, 2017. (ECF No. 9.) That petition is the subject of Respondents' Motion.

### III.   LEGAL STANDARD

Respondents argue Viox has failed to fully exhaust state court remedies for Grounds 1, 2, and 3 of his federal habeas petition. A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. Cal. Dept. of Corr.*, 20 F.3d 1469,

---

[2] After briefing, the Nevada Supreme Court transferred the appeal to the Nevada Court of Appeals for decision. (ECF No. 21-16.)

1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988).

**IV.    DISCUSSION**

Viox's petition consists almost entirely of ineffective assistance of counsel ("IAC") claims, which he has divided into Grounds 1, 2, and 3.[3] While Viox presented a few IAC claims in his direct appeal, the Nevada Supreme Court declined to address them because, under Nevada law, such claims are not appropriate for review on direct appeal. (ECF No. 17-19 at 2 n.1 (citing *Pelligrini v. State*, 34 P.3d 519, 534-35 (Nev. 2001)).) As Respondents correctly argue, such presentation did not affect state court exhaustion of the claims. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (claim not exhausted "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered [absent special and important circumstances]").

In his state habeas proceeding, Viox presented the following IAC claims to the Nevada Supreme Court: (a) trial counsel failed to adequately investigate the breaks to Viox's arm (including x-rays of his arm) and failed to call a radiologist as a witness; (b) trial counsel failed to properly advise Viox regarding the reasons to testify in his own defense, including to support of his self-defense theory; (c) trial counsel failed to seek immunity for Viox's son so the son could corroborate Viox's self-defense claim; and (d) appellate counsel failed to present (1) an issue regarding the actions taken by the trial court and by the State that prevented Viox's son from testifying and (2) an issue regarding "cumulative error." (ECF No. 21-7 at 25-38.)

///

///

---

[3]One exception is Ground 3(4), which is discussed below. The petition also contains allegations related to the adjudication of his state post-conviction proceedings: Ground 3(3), 3(5), and 3(6). These claims are not cognizable in a federal habeas proceeding. *See Franzen v. Brinkman*, 877 F.2d 26 (9th 1989).

None of the IAC claims exhausted in Viox's state habeas proceeding are included in Ground 1 of his amended petition. And based on the state court record before the Court, the IAC claims in Ground 1 were not otherwise presented to the highest available state court. Thus, Ground 1 is unexhausted.

The same is true for all the claims in Ground 2, except for Ground 2(6), in which Viox claims counsel was ineffective for not "following up on x-rays of Viox's arm." (ECF No. 9 at 9.) Thus, all the claims in Ground 2 are also unexhausted, except for Ground 2(6).

Of the IAC claims in Ground 3, only Ground 3(2), which faults counsel's performance in advising Viox not to testify, was fairly presented to the highest available state court.[4] The remaining IAC claims in Ground 3 (Ground 3(1), 3(7), and 3(8)) are unexhausted.

Lastly, the only non-IAC claim in Viox's petition that is cognizable in this proceeding is Ground 3(4), wherein Viox alleges the State committed prosecutorial misconduct by failing to grant his son immunity in exchange for his testimony and the trial court erred by allowing the son's hearsay statements in lieu of his testimony. (ECF No. 9 at 12.) This claim was exhausted in Viox's state habeas proceeding. (ECF No. 21-7 at 31-36; ECF No. 21-17 at 5-6.)

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Respondents' motion to dismiss (ECF No. 14) is granted in part and denied in part. The claims in Ground 3(3), 3(5), 3(6), and 3(9) are dismissed for reasons stated above.

///

---

[4] Ground 3(9) is duplicative of Ground 2(6) and, therefore, will be dismissed.

It is further ordered that, with respect to Petitioner's unexhausted claims (*i.e.*, all of Ground 1, Ground 2 (except Ground 2(6)), and the claims in Ground 3(1), 3(7), and 3(8)), Petitioner will have 30 days to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; or (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; or (3) file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If Petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, Respondents may respond to such motion as provided in Local Rule 7–2.

It is further ordered that if Petitioner elects to abandon his unexhausted grounds, Respondents will have 30 days from the date Petitioner serves his declaration of abandonment in which to file an answer to Petitioner's remaining grounds for relief.

It is further ordered that Petitioner will have 30 days following service of Respondents' answer in which to file a reply.

It is further ordered that if Petitioner fails to respond to this order within the time permitted, this case may be dismissed pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

It is further ordered that Respondents' motion for leave to file exhibits under seal (ECF No. 22) is granted.

DATED THIS 30th day of January 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE